IN AND FOR THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
AUG 1 5 2024
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

1. JARRIN JACKSON, one of the People )
   )
              Plaintiff )
   )
v. )   Case No.: 24-CV-379-JFH-CDL
   )
   )
2. KELLY GREENOUGH )   Demanding: AUTOMATIC STAY
      (TULSA DISTRICT JUDGE); )   (Tulsa District Court, Case CJ-22-2609);
3. M. JOHN KANE IV )   Defendants Answer Constitutional
      (OK SUP CT CHIEF JUSTICE); )   question; Judicial Relief from
4. GENTNER DRUMMOND )   Government Attacks; Access to Federal
      (OK ATTORNEY GENERAL) )   Grand Jury
   )
              Defendants )

**Affidavit and Petition for AUTOMATIC STAY of Proceedings in Tulsa District Court (Case CJ-22-2609) Until Constitutional Question is Answered, and for Other Judicial Relief**

**Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent**

### STATUS, STANDING, AND JURISDICTION

Affiant, Jarrin Jackson, one of the People (as seen in Oklahoma Constitution, Article 2, Section 1), republican in form, *Sui Juris*, do serve you, Chief Judge John Heil, this affidavit, by necessity, and in the interest of justice and the public good, constitute this court of record that moves by the common law, to make the following claims so that you do provide immediate due care. (see evidence below):

**Oklahoma Constitution, Article 2, Section 1**
"All political power is inherent in the people; and government is instituted for their protection, security, and benefit, and to promote their general welfare; and they have the right to alter or reform the same whenever the public good may require it; Provided, such change be not repugnant to the Constitution of the United States."

**First Amendment to the United States Constitution**
"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

**United States Constitution, Article 4, Section 4**
"The United States shall guarantee to every State in this Union a Republican Form of Government.."

**Maxim of Law:** "The main object of government is the protection and preservation of personal rights, private property, and public liberties, and upholding the law of God." *American Maxim*

### OVERVIEW

**Please take Notice that** Plaintiff is being sued in a case without any claim of injury or harm supported by oath or affirmation. Plaintiff challenged jurisdiction on this ground. Defendants ignored Plaintiff's jurisdictional challenges. Defendants are all sworn trustees who performed maladministration and unofficial acts contrary to their oaths and the plain text of the Oklahoma Constitution. There is no judicial relief for Plaintiff in Oklahoma courts. As such, state proceedings continue without constitutional authority and as unlawful attacks against Plaintiff.

**Please take Notice that** Plaintiff demands and moves this Court to order an AUTOMATIC STAY (Rule 62) of proceedings in state courts (Case CJ-22-2609), until Defendants answer a constitutional question.

Fees paid
Ø summons

1

## FACTS AND GRIEVANCES

**Claim #1:** The Oklahoma Constitution has a rule that shows the fundamental principle that probable cause claims shall be supported by oath or affirmation. Article 2 Section 30 that reads, "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."
**Maxim of Law:** Constitutions and law precede the judiciary." *Luther v. Borden*, 7 How. (48 U.S.) 1,52.

**Claim #2:** The right to privacy includes the right to be let alone and to withhold self and property from public scrutiny, if chosen. This right is found in the Oklahoma Constitution Article 2 Section 33 that reads, "The enumeration in this Constitution of certain rights shall not be construed to deny, impair, or disparage others retained by the people."
**Maxim of Law:** "A thing is private which is not common." *Le Breton v. Miles*, 8 Paige, Ch. (N.Y.) 261, 270.

**Claim #3:** on August 19, 2022, a case was constituted suing Plaintiff in the Tulsa District Court without a claim of harm or injury supported by oath or affirmation (Tulsa District Court, Case CJ-22-2609, Doc #1053152423, Filed 8-19-22, Attached as Exhibit #1 – shows first and last page of petition).

**Claim #4:** During an appeal (Oklahoma Supreme Court, Case DF-121173), Plaintiff served Defendant John Kane, Chief Justice of the Oklahoma Supreme Court, affidavit (Doc #1057356799, Filed 1-25-24, Attached as Exhibit #2) challenging jurisdiction because no harm was sworn. Defendant Kane unlawfully used court rules to ignore affiant's jurisdictional challenge (Oklahoma Supreme Court, Case DF-121173, Doc #1057692939, Filed 3-1-24, Attached as Exhibit #3). Defendant Kane never responded to Plaintiff's jurisdictional challenge.

**Claim #5:** on April 29, 2024, affiant served Defendant Kelly Greenough, a Tulsa District Judge, affidavit (Tulsa District Court, Case CJ-22-2609, Doc #1058542132, Filed 4-29-24, Attached as Exhibit #4) challenging jurisdiction of Case CJ-22-2609 because there was no claim to injury or harm supported by oath or affirmation. On August 9, 2024, Defendant Greenough unlawfully presumed jurisdiction and ordered Plaintiff obey a compulsory order. (Tulsa District Court, Case CJ-22-2609, Doc #1059210244, Filed 8-9-24, Attached as Exhibit #5). Defendant Greenough never responded to Plaintiff's jurisdictional challenge.

**Claim #6:** No later than May 17, 2024, Defendants Greenough and Kane received over 480 signed notices from Americans, petitioned by email, giving information that this particular matter violated Plaintiff's privacy, and demanding they give a point of clarity regarding the constitutionality of attacking private rights without a claim sworn by oath or affirmation. No point of clarity was ever given. (Plaintiff can provide copies of notices upon request)
**Maxim of Law:** "A neglected duty often works as much against the interests as a duty wrongfully performed." *Keim v. U.S.,* 177 U.S. 290, 295.

**Claim #7:** On May 24, 2024, affiant served notice (Tulsa District Court, Case CJ-22-2609, Doc #1058663341, Filed 5-24-24, Attached as Exhibit #6; Defendant Drummond received by certified mail #9589071052700957382225 on 5-22-24) demanding Defendant Gentner Drummond, the Oklahoma Attorney General, answer a "Rule 5.1-style" challenge to show the constitutionality of an Oklahoma Statute [23 O.S. §9.1] and its authority to gain jurisdiction over affiant. Affiant asked for a response within sixty (60) days. All Defendants received this notice. None responded.

**Claim #8:** Defendants Greenough, Kane, and Drummond violated their oaths, performed maladministration of a public trust for ignoring jurisdictional challenges made by right, and their nonperformance of duty is an unofficial act.
**Maxim of Law:** The law is not to be violated by those in government." *Jenk. Cent.* 7.

**Claim #9:** "There is no immunity for unofficial acts." (*Trump v. United States,* No. 23-939*)*
**Maxim of Law:** "Punishment is due if the words of an oath be false." *Black's,* 840.

2



## DEMANDED REMEDY

### 1. Automatic Stay of All Proceedings

**Please take Notice that** affiant demands and moves that you, upon receipt of this affidavit, order an AUTOMATIC STAY (Rule 62) stay of all proceedings of Case CJ-22-2609, and that you do this as a constitutional necessity in the interest of justice.

### 2. Answer a Constitutional Question

**Please take Notice that** affiant demands and moves that you order, by Rule 5.1, Defendants answer the following:

**QUESTION:** "Where was authority granted in the Oklahoma Constitution to pry into people's lives and liberty with no swearing of harm?"

**Please take Notice that** the text of Rule 5.1 of the Federal Rules of Civil Procedure reads, "(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity..."

**Please take Notice that** the Supreme Court recently declared that trustees in government may be prosecuted for unofficial acts. The Court declared, "The first step in deciding whether a former President is entitled to immunity from a particular prosecution is to distinguish his official and unofficial actions." (*Trump v. United States*, No. 23-939, p4) And then, "When the President acts pursuant to "constitutional and statutory authority," he takes official action to perform the functions of his office." (*Ibid*, p4).

**Affiant claims that** there is no constitutional grant of authority for any sworn trustee to ignore a challenge to jurisdiction.

**Affiant claims that** ignoring a constitutional challenge to jurisdiction is an unofficial act.

### 3. Declare the Law in this Matter

**Please take Notice that** affiant demands and moves that you, after Defendants answer the constitutional question, openly and publicly declare the law in this matter and regarding gaining jurisdiction over affiant without any claim or harm supported by oath or affirmation, so that attorneys and government servants no longer trespass secured liberty interests without constitutional authority.

### 4. Access to Federal Grand Jury

**Please take Notice that** affiant demands and moves that you, in the interest of justice and the public good, grant affiant access to the next federal grand jury to redress these grievances, as there are millions of Americans these sworn trustees influence with unofficial acts.

### ADMINISTRATIVE

**Please take Notice that** affiant's address for correspondence is: PO Box 714, Owasso OK 74055.

**Please take Notice that** this affidavit shall stand as "entry of appearance" and satisfies all other administrative requirements that would otherwise block the judicial relief sought.

**Please take Notice that** this is sent in the love and peace of Jesus Christ.

3

## Verification

I hereby declare, certify and state, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC 1746 that all of the above and foregoing representations are true and correct to the best of my knowledge, information and belief. Executed in ___Tulsa___, Oklahoma on this __15__ day of __August__ in the Year of Our Lord Two Thousand and Twenty Four.

_____
Autograph of Affiant:

### Notary as JURAT CERTIFICATE

Oklahoma State     }
___Tulsa___ County }

On this __15__ day of __August__ 20__24__ before me, __Logan K. Beadles__, a Notary Public, personally appeared Jarrin Jackson, who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his autograph(s) on the instrument the man executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature of Notary/Jurat __Logan K. Beadles__

[Notary Seal: LOGAN K. BEADLES, NOTARY, #22009327, EXP. 7-11-2026, STATE OF OKLAHOMA, PUBLIC]

### Certificate of Service

I, the undersigned, do hereby certify that on the __15__ day of __August__ 2024, a true and correct copy the above affidavit and the below exhibits were mailed by certified mail via U.S. Postal Service, to the following:

_____
Jarrin Jackson

**Distribution:**
Chief Judge John Heil
Kelly Greenough, Defendant
M. John Kane IV, Defendant
Gentner Drummond, Defendant
Chief Judge Jerome Holmes, 10th Circuit
Justice Neil Gorsuch, Supreme Court

Jarrin Jackson
PO Box 714
Owasso OK 74055
918.845.9555

4

**Exhibit #1: Petition Initiating Suit Against Plaintiff Without Swearing to Injury (first page)**



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| FOUNT HOLLAND, an individual, and CAMPAIGN ADVOCACY MANAGEMENT PROFESSIONALS LLC, an Oklahoma Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JARRIN JACKSON, an individual,<br><br>Defendant. | DISTRICT COURT **FILED**<br>AUG 1 9 2022<br>DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY<br><br>Case No. CJ-2022-02609<br><br>KELLY M. GREENOUGH |

### PETITION

COME NOW the Plaintiffs, Fount Holland ("Holland") and Campaign Advocacy Management Professionals, LLC ("CAMP"), and for their cause of action in this matter state as follows:

#### The Parties, Jurisdiction, and Venue

1. Holland is a resident of Cherokee County, Oklahoma. He is professional political consultant.

2. CAMP is an Oklahoma limited liability company. CAMP is owned by Holland and Holland is its principal officer.

3. Jarrin Jackson ("Jackson") is an individual residing in Rogers County, Oklahoma.

4. Jackson is a frequent political candidate and is currently running for the Republican nomination for Oklahoma State Senate District 2, which comprises parts of Rogers and Tulsa Counties. The runoff election is on August 23, 2022.



Exhibit 1 cont'd (last page of petition showing it is not supported by oath or affirmation)

were obviously false or should have known, based upon even a cursory review of the facts.

36. Holland and Camp have been damaged by these negligent and/or grossly negligent acts by Jackson in an amount greater than $75,000.00, including damage to their consulting business.

37. The aggravated nature of Jackson's actions entitle Plaintiffs to an award of punitive damages under 23 O.S. §9.1.

WHEREFORE, premises considered, Plaintiffs Holland and CAMP request an award against Jackson of actual damages in excess of $75,000.00, punitive damages in an amount to be determined pursuant to 23 O.S. §9.1, attorney fees, costs, pre- and post-judgment interest, and all such other relief the Court may deem just and equitable.

8

Respectfully Submitted,

**BARBER & BARTZ**

Taylor A. Burke, OBA #21121
525 S. Main St., Suite 800
Tulsa, Oklahoma 74103
Telephone: (918) 599-7755
Facsimile: (918) 599-7756
Email: tburke@barberbartz.com
*ATTORNEYS FOR PLAINTIFFS*

*JURY TRIAL DEMANDED*
*ATTORNEY LIEN CLAIMED*



**Exhibit #2: Plaintiff's Affidavit to Defendant Kane Challenging Jurisdiction**



**ORIGINAL**   #121173

### Affidavit of Challenge to Jurisdiction, Duty to Dismiss, and Right to Remedy in Law

### Notice to Principal is Notice to Agent and Notice to Principal is Notice to Agent

Affiant, Jarrin Jackson, one of the People (as seen in Oklahoma Constitution, Article 2, Section 1), republican in form, *Sui Juris*, do serve you, M. John Kane IV and Kelly Greenough, this Court of Record, by Necessity, that you do provide immediate due care;

FILED
SUPREME COURT
STATE OF OKLAHOMA
JAN 25 2024
JOHN D. HADDEN
CLERK

**Affiant claims that** this is sent by common right and not as part of a case.

**Affiant claims** the right to challenge jurisdiction and may do so at any stage in any proceeding and that no proceeding may continue until the law is declared in this matter. Affiant challenges jurisdiction in Case DF-121173 and Case CJ-22-2609. (see evidence below):

**Oklahoma Constitution, Article 2, Section 33**
"The enumeration in this Constitution of certain rights shall not be construed to deny, impair, or disparage others retained by the people."
**Maxim of Law:** "The law favors common right." *Wing. Max.* p547, max. 144.

**Affiant claims that** Case DF-121173 and Case CJ-22-2609 originating in the Tulsa District court, violate affiant's liberty because no facts are established in the law, which means no jurisdiction exists over affiant. In law, none is credited unless he is sworn. All facts must, when established by witnesses, be under oath or affirmation. Plaintiffs, nor Plaintiffs' attorneys, have established facts in law, because none of their petitions or filings are sworn under oath or affirmation. Plaintiffs' attorneys are commercial actors and members of a private membership association, known as the BAR Association, in which, they filed petitions in courts that presume injury to gain jurisdiction over affiant, to deprive affiant of liberty and money, which is an attack on affiant's secured rights. Plaintiffs, nor Plaintiffs' attorneys, have claimed under oath or affirmation that affiant harmed Plaintiffs, which means no cause of action has conferred any power to any court in Case DF-121173 or Case CJ-22-2609. Without jurisdiction, the law prohibits any trustee in any court to adjudicate any proceeding against affiant. Only affiant has established facts in law, because only affiant has sworn under oath to violated rights. Affiant's affidavit is affiant's exercise of affiant's constitutional right to petition for redress of grievance. In law, no rulemaking or legislation may abrogate secured constitutional rights. This means that court rules, which are statutory provisions, cannot be applied against affiant nor can they require affiant to comply. Affiant has a right to justice in all courts, and no court may prejudice that right. Trustees that apply court rules against affiant's exercise of constitutional rights break the law. Trustees cannot break the law. Trustees must use their granted powers to defend rights when they receive evidence of violated rights. You, and all judges, are sworn trustees and must defend the Oklahoma Constitution. You, and all judges, have judicial power to declare the law, by necessity, whenever you receive evidence of violated rights. The law, in Case DF-121173 and Case CJ-22-2609, is that affiant's right to liberty is violated by Plaintiffs for presuming injury to gain jurisdiction over affiant. The remedy, in law, is for you, a sworn trustee, to dismiss with prejudice Case DF-121173 and Case CJ-22-2609 for lack of jurisdiction and order Plaintiffs make affiant whole with restitution of $25,000 for legal expenses, and that a record of these proceedings be kept on the public record for a perpetual memorial. (see evidence below):

**Oklahoma Constitution, Article 2, Section 3**
"The people have the right peaceably to assemble for their own good, and to apply to those invested with the powers of government for redress of grievances by petition, address, or remonstrance."
**Oklahoma Constitution, Article 2, Section 6**
"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."
**Oklahoma Constitution, Article 2, Section 7**
"No person shall be deprived life, liberty, or property without due process of law."
**Miranda v. Arizona, 384 U.S. 436 (1966)**
"Where rights secured by the Constitution are involved, there can be no rulemaking or legislation which would abrogate them."
**Trinsey v. Pagliaro, 229 F. Supp. 647**
"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."
**Maxim of Law:** "In law, none are credited unless he is sworn. All facts must, when established by witnesses, be under oath or affirmation." *Cro. Car.* 64; *Bouv.* 130.
**Maxim of Law:** "Where the law prescribes a form, the nonobservance of it is fatal to the proceeding, and the whole becomes a nullity." *Best, Ev. Introd.* s. 59.

RECEIVED
JAN 25 2024
CLERK'S OFFICE

Exhibit 2 cont'd

**Maxim of Law:** "Where there is no authority for establishing a rule, there is no necessity of obeying it." *Black's* 2d, 1181; *Dav. Ir. K.B.* 69.

**Affiant claims** that if you believe affiant is wrong in the law, or that you were granted constitutional provision to adjudicate proceedings without jurisdiction, you may submit, in writing, an affidavit, submitted under penalty of perjury and postmarked within three (3) days receipt of this affidavit, or, by tacit acquiescence, you, and all sworn trustees to the constitutions, agree to all claims herein, and that this affidavit shall stand as evidence and truth and fact and law in all courts of record and that no court may rehear this matter.

**Affiant claims** that this is sent in the love of Jesus Christ, so that you do your duty to the Oklahoma Constitution.

### Verification

I hereby declare, certify and state, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC 1746 that all of the above and foregoing representations are true and correct to the best of my knowledge, information and belief. Executed in Owasso, Oklahoma on this __19__ day of __January__ in the Year of Our Lord Two Thousand and Twenty Four.

Autograph of Affiant: _[signature]_

### Notary as JURAT CERTIFICATE

Oklahoma State  }
Tulsa County    }

On this __19__ day of __January__, 2024 before me, __Betty Jackson__, a Notary Public, personally appeared Jarrin Jackson, who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his autograph(s) on the instrument the man executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature of Notary/Jurat ___Betty Jackson___

11·13·2026
02018959

**Distribution:**
M. John Kane IV – Chief Justice
John Hadden – Clerk
Kelly Greenough – Tulsa District court
Don Newberry - Clerk
Neil Gorsuch, United States Supreme Court
Jim Jordan, Chairman, House Judiciary

**Exhibit #3: Defendant Kane's Order Ignoring Plaintiff's Jurisdictional Challenge**

**ORIGINAL**

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA

MAR - 1 2024

JOHN D. HADDEN
CLERK

Fount Holland, an individual; and Campaign Advocacy Management Professionals, LLC., an Oklahoma limited liability company,

Plaintiffs/Appellees,

v.

Jarrin Jackson, an individual,

Defendant/Appellant.

No. 121173

**ORDER**

This appeal is dismissed due to appellant's failure to comply with this Court's Order of January 11, 2024 for appellant to file a brief in chief by January 29, 2024. Rule 1.2 of the Oklahoma Supreme Court Rules.

Appellee's motion to dismiss appeal is moot.

Done by Order of the Supreme Court on March 1, 2024

/s/ CHIEF JUSTICE

Rec'd (date) 3-1-24
Posted JM
Mailed JM
Distrub JM
Publish  yes ___ no X

**Exhibit #4: Plaintiff's Affidavit to Defendant Greenough Challenging Jurisdiction**



**Affidavit and Constitutional Challenge to Jurisdiction in Case CJ-22-2609 for Using an Improper Procedure Against a Guaranteed Constitutional Right**

Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent

Affiant, Jarrin Jackson, one of the People (as seen in Oklahoma Constitution, Article 2, Section 1), republican in form, *Sui Juris*, do serve you, Judge Kelly Greenough, this affidavit, in this court of record, to make the following claims so that you do provide immediate due care;

**Please take Notice that** affiant, by right (OK Const, Art 2, §33), challenges the jurisdiction of Case CJ-22-2609 for using an improper procedure to gain jurisdiction over affiant.

**Affiant claims that** the Oklahoma Constitution guarantees affiant's privacy and supplies a self-executing rule that warrants be under "oath or affirmation" (OK Const, Art 2, §30). Plaintiffs, in Case CJ-22-2609, bypassed this rule and improperly used Legislative Powers [OS 23 §9.1] to gain jurisdiction over affiant in a Legislative Tribunal, instead of claiming under "oath or affirmation" that affiant injured them. The Oklahoma Constitution does not grant the Legislature power to extend jurisdiction over constitutional rights (OK Const, Art 5, §36). Case CJ-22-2609 extends Legislative powers over constitutional rights, which is repugnant to the Oklahoma Constitution. Also, Judges cannot use Legislative Powers (OK Const, Art 4, §1). Jurisdiction over affiant in Case CJ-22-2609 never existed. Courts without jurisdiction are unlawful. Case CJ-22-2609 is a nullity. (see evidence below):

**Oklahoma Constitution, Article 2, Section 30**
"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

**Norton v. Shelby County, 118 U.S. 425, 442 (1886)**
"An unconstitutional act is not law. It confers no rights; it imposes no duties; affords no protection; it creates no office. It is, in legal contemplation, as inoperative as though it had never been passed."

**Miranda v. Arizona, 384 U.S. 436, 491 (1966)**
"Where rights secured by the Constitution are involved, there may be no rulemaking or legislation which would abrogate them."

**STATE ex rel. REARDON Co. Atty. v. SCALES, 1908 OK 152, 97 P. 584, 21 Okla. 683**
"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced."

**Maxim of Law:** "Where the law prescribes a form, the nonobservance of it is fatal to the proceeding, and the whole becomes a nullity." Best, *Ev.* Introd. s. 59.

**Maxim of Law:** "A judicial act by a judge without jurisdiction is void; but a ministerial act, from whomsoever proceeding, may be ratified." *Lofft.* 458.

**Maxim of Law:** "Jurisdiction is the power to declare the law; and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Bullington v. Angel*, 220 N.C. 18.

**Please take Notice that** affiant asks: "Where does the Oklahoma Constitution grant authority to the Legislature to abrogate constitutional rights?"

**Please take Final Notice that** it is affiant's wish and demand that you, Judge Kelly Greenough, take judicial notice of the Oklahoma Constitution and its guaranteed protections of affiant's privacy against Plaintiffs' improper procedure to gain jurisdiction, so that you do declare the law, in that, Case CJ-22-2609 never had jurisdiction over affiant, and that Case CJ-22-2609 is a nullity. If you believe affiant is wrong in the law, you may submit an affidavit, sworn under penalty of perjury and postmarked within ten (10) days receipt of this affidavit, the constitutional provision granting the Legislature the authority to abrogate constitutional rights, or, by tacit acquiescence, you agree to all claims and statement herein, and this affidavit shall stand against you as evidence and truth and fact and law in all courts of record and that no court may rehear this matter, and that all proceedings in Case CJ-22-2609 are maladministration of justice and do breach the public trust of the Oklahoma Constitution with full knowledge, malice, and intent. All responses not submitted under penalty of perjury shall stand as express consent to all claims and statements herein.

**Please take Notice that** this is sent in the peace and love of Jesus Christ. Read Luke 11:52

**Please take Notice that** affiant sent a copy of this to Plaintiff's counsel by certified mail.

DISTRICT COURT
F I L E D
APR 23 2024
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**Exhibit #4 cont'd**

### Verification

I hereby declare, certify and state, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC 1746 that all of the above and foregoing representations are true and correct to the best of my knowledge, information and belief. Executed in Owasso Oklahoma on this 24th day of April in the Year of Our Lord Two Thousand and Twenty Four.

_____
Autograph of Affiant:

### Notary as JURAT CERTIFICATE

Oklahoma State
Tulsa County

On this 24th day of April 2024 before me, Madilynn Hufford, a Notary Public, personally appeared Jarrin Jackson who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his autograph(s) on the instrument that he executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. Signature of Notary/Jurat

_____

> MADALYNN HUFFORD
> Notary Public, State of Oklahoma
> Commission # 24002302
> My Commission Expires 02-19-2028

**Distribution:**
Judge Kelly Greenough
Dan Newberry – Court Clerk
Taylor Burke – Plaintiffs' counsel
Judge John Kane – Oklahoma Supreme Court
Justice Neil Gorsuch – United States Supreme Court
Jim Jordan – US Rep, House Judiciary
Thomas Massie – US Rep, House Judiciary

Exhibit #5: Defendant Greenough's Order Ignoring Plaintiff's Jurisdictional Challenge

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
AUG 09 2024
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

FOUNT HOLLAND; CAMPAIGN )
ADVOCACY MANAGEMENT )
PROFESSIONALS LLC, )
 ) Case No. CJ-2022-2609
Plaintiffs, ) Judge Kelly M. Greenough
 ) Civil Docket F
vs. )
 )
JARRIN JACKSON, )
 )
Defendant. )

### Order On Plaintiff's Motions To Compel Discovery And Motion For Sanctions

This matter came before this Court for determination on the ___8th___ day of August, 2024. The court has received and reviewed Plaintiff's Motion to Compel; Plaintiff's Second, Third, and Fourth Motions to Compel; and Plaintiff's Motion for Sanctions. These matters each come on for decision today. Defendant filed no responses to any of these motions as required by Rule 4(e), Rules for District Courts of the State of Oklahoma. However, the court notes Defendants filings concerning the Constitution and takes the same as his responses in objection to each of these motions.

Title 12, Section 3224 provides that Sections 3224 through 3227 "...shall govern the procedure for discovery in all suits of a civil nature in all courts in this State." 12 O.S. 3224. This is the lawfully authorized process for discovery in civil cases in Oklahoma. No appellate court, whose opinions are binding authority upon this court, has found the Oklahoma Discovery Code is unconstitutional. The court respectfully declines to do so herein has the Discovery Code makes no suspect classifications, it methodically provides the process that is due "in all suits of a civil nature," and contains mechanisms to redress discovery disputes with notice and an opportunity to be heard all in compliance with the 14th Amendment.

Defendant shall accurately and completely answer all of Plaintiff's propounded discovery within 30 days of the filing of this order.

Ruling on Plaintiff's Motion for sanctions concerning discovery is reserved for 60 days. Pursuant to 12 O.S. § 3227, the Court may order Sanctions if a party fails to obey an order to answer discovery, including but not limited to designated facts taken as established and also the entry of default judgment or dismissal against a disobedient party. 12 O.S. § 3227(B)(2).

KELLY M. GREENOUGH, DISTRICT JUDGE

1

**Exhibit #5 cont'd:**

## AFFIDAVIT OF MAILING

I, Don Newberry, Court Clerk for Tulsa County, Oklahoma, herby certify that on the ___ day of August, 2024 a true and correct copy of the foregoing Order was served upon all parties by mailing to each of the Attorneys/Parties listed below, and a true and correct copy of the foregoing Order was filed in the above case.

**NOTICE WAS MAILED TO:**

- Taylor A. Burke, Jason A. McVicker, 2000 Mid-Continent Tower, 401 S. Boston Ave., Ste. 2000, Tulsa, OK 74103
- Jarrin Jackson, P.O. Box 714, Owasso, OK 74055

DON NEWBERRY, COURT CLERK
Carol Ramey, Deputy Court Clerk

2



**Exhibit #6: Plaintiff's Notice to Defendant Drummond Asking for Constitutionality of Jurisdiction**

 

Notice and Constitutional Challenge [Rule 5.1] to Oklahoma Statute [23 O.S. § 9.1] for Lack of Constitutional Authority to Gain Jurisdiction Over Private People and Private Rights

Notice to Agent is Notice to Principal and Notice to Principal is Notice to Agent

I, Jarrin Jackson, one of the People (as seen in Oklahoma Constitution, Article 2, Section 1), republican in form, *Sui Juris*, do serve you, Oklahoma Attorney General Gentner Drummond, this Notice, in this court of record, by necessity, that you do provide immediate due care for public welfare and the rule of law in Oklahoma;

**Please take Notice that** I, by right (OK Const, Art 2, §3), petition and challenge the constitutionality of Oklahoma Statute, Title 23, Section 9.1 for lacking constitutional authority to gain jurisdiction over my right to privacy secured in Oklahoma Constitution, Article 2, Section 30.

**Please take Notice that** you have authority to intervene in this matter (OK Const, Art 6, §1) and give an opinion regarding the constitutionality of this statute's authority and how Plaintiff used it against me. Your duty, here, to provide clarity regarding the statute's authority as it relates to gaining jurisdiction over private rights.

**Please take Notice that** in the matter of Case CJ-22-2609, Plaintiffs used legislative power [23 O.S. §9.1], which only pertains to jury trials, as their authority to gain personal jurisdiction over me. The Oklahoma Constitution guarantees my right to privacy (OK Const, Art 2, §30), which includes the right to be left alone and to withhold myself from public scrutiny if I choose. Plaintiffs never swore, by oath or affirmation, to any injury. Instead, Plaintiffs relied on the statutory authority [23 O.S. §9.1] regulating jury trials to gain jurisdiction over me in violation of my constitutional right to privacy. It is settled law that no rulemaking or legislation may abrogate constitutional rights. (see evidence below):
**Oklahoma Constitution, Article 2, Section 30**
"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."
**Miranda v. Arizona, 384 U.S. 436, 491 (1966)**
"Where rights secured by this Constitution are involved, there may be no rulemaking or legislation which would abrogate them."
**Maxim of Law:** "No one is believed in court but upon his oath." 3 *Inst.* 79; C.L.M.
**Maxim of Law:** "In law, none are credited unless he is sworn. All facts must, when established by witnesses, be under oath or affirmation." Cro. Car. 64; Bouv. 130.

**Please take Further Notice that** the Tulsa District Court may be in the practice of permitting unlawful suits that violate the right to privacy. Therefore, in the interest of public justice and the defense of private rights, I demand that you investigate the institution and the various magistrates to determine if it is its practice to take jurisdiction over private rights using legislative powers. In law, courts are to recognize, affirm, and enforce customs and usages according to the maxims of law; by contrast, the Tulsa District Court has demonstrated innovative practices that relabel constitutional rights as subject matter, so that attorneys attack private rights without constitutional authority. (see evidence below):
**Black's Law Dictionary (4th), "Maxim"**
"**Maxim.** A principle of law universally admitted, as being a correct statement of the law, or as agreeable to reason. Coke defines a maxim to be "conclusion of reason." He says in another place: 'A maxime is a proposition to be of all men confessed and granted without proofe, argument, or discourse.' Co. Litt. 67a."

**Please take Final Notice that** it is my wish and demand that you do your duty (OK Const, Art 6, §1) and issue an opinion, within sixty (60) days showing the constitutionality of Oklahoma Statute, Title 23, Section 9.1 and its authority to gain jurisdiction over my right to privacy secured in Oklahoma Constitution, Article 2, Section 30.

**Please take Notice that** this is sent to you in the love and peace of Jesus Christ.

DISTRICT COURT
**FILED**
MAY 24 2024
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Autograph
5-15-24
Date

**Exhibit #6 cont'd (Notice that all Defendants received this Notice)**

**Distribution** (all mentioned receiving copy by certified mail)
Gentner Drummond, Oklahoma Attorney General
Kelly M. Greenough, District Judge
Don Newberry, Tulsa Court Clerk
Taylor Burke, Plaintiffs' agent
John Kane, Chief Justice, Oklahoma Supreme Court
Neil Gorsuch, Justice, United States Supreme Court
Dana Prieto, Oklahoma State Senator
Merrick Garland, US Attorney General
Jim Jordan, US Rep, House Judiciary
Thomas Massie, US Rep, House Judiciary

