IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JARRIN JACKSON, one of the People, <br><br> Plaintiff, <br><br> v. <br><br> (2) KELLY GREENOUGH (Tulsa District Judge) <br> (3) M. JOHN KANE IV (OK Sup. Ct. Chief Justice); <br> (4) GENTNER DRUMMOND (OK Attorney General), <br><br> Defendants. | Case No.: 24-cv-379-JFH-CDL <br><br> **Demanding: Automatic Stay** (Tulsa District Court Case: CJ-22-2609); Defendants Answer Constitutional Question; Judicial Relief from Government Attacks; Access to Federal Grand Jury |

## DEFENDANTS' MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Defendants Tulsa County District Judge Kelly Greenough, Oklahoma Supreme Court Justice John Kane IV, and Oklahoma Attorney General Gentner Drummond ("Defendants"), by and through Stefanie E. Lawson, Assistant Attorney General, move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Plaintiff has failed to properly serve any Defendant. The Complaint fails to state any cognizable claim against these Defendants in either their official or individual capacities. In support of said Motion to Dismiss, Defendants submit the following:

### BRIEF IN SUPPORT

### STATEMENT OF THE CASE

Plaintiff, appearing *pro se*, is suing the Tulsa County District Judge previously assigned to a civil case, the Chief Justice of the Oklahoma Supreme Court who issued an order dismissing an appeal in the civil case, and the Oklahoma Attorney General. The Complaint is difficult to parse, but it appears that Plaintiff believes he is entitled to relief based on adverse rulings issued in the

state court civil proceedings. Plaintiff relies on a grab bag of Federal Rules of Civil Procedure and unrelated legal theories in an attempt to assert his claims to relief. Based on the public information available in Tulsa County CJ-2022-2609 and Oklahoma Supreme Court case no 121,173 (docket sheets attached Ex. 1 and 2), it seems Plaintiff raised jurisdictional challenges to the civil case several times in both the district court and the appellate court. Those challenges were unsuccessful. Plaintiff alleges the Defendants "ignored" the alleged jurisdictional deficit in the state court proceedings, and therefore the Defendants "performed maladministration" and "acts contrary to their oaths and the plain text of the Oklahoma Constitutional". Complaint p. 1. Plaintiff seeks an order from this Court under Fed. R. Civ. P. 62 staying the state court proceedings. Plaintiff also seeks an "answer [to] a Constitutional Question" under Fed. R. Civ. P. 5.1. Plaintiff further requests declaratory relief and "access to [a] Federal Grand Jury". Plaintiff has not asserted any cognizable claims under the Federal Rules, the United State Constitution, or the Oklahoma Constitution, thus, the Complaint must be dismissed.

**PROPOSITION I:   PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS**

Defendants move this Court to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Service of Process must be accomplished in compliance with Fed. R. Civ. P. Rule 4. It is Plaintiff's burden to establish the validity of the service of process. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (*invoking Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415

(1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied.").

A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. *Oltremari v. Kansas Social & Rehabilitative Serv.*, 871 F.Supp. 1331(D.Kan.1994). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.' " *O'Brien v. R.J. O'Brien & Assocs.*, 918 F.2d 1394, 1400 (7th Cir.1993) (citation omitted). Defendants specifically contend that Plaintiff failed to serve a summons and complaint according to Rules 4(c) and (e).

Federal Rule of Civil Procedure 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). In addition, Federal Rule of Civil Procedure 4(e) provides for service of an individual by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process".

In the case at bar "service" was attempted by the Plaintiff, a party, via Certified U.S. Mail. As Mr. Jackson is a party in this case, he is not able to effect service on defendants. Also, because service by mail is not provided for in the Federal Rules, the laws of Oklahoma can be used to determine whether service of process has been effectuated. Although Oklahoma law permits Plaintiff's election to serve a summons and petition via mail, only certain persons are permitted to

affect said service. In the instant matter, service was attempted by an individual who is not authorized to serve process. Title 12 O.S. § 2004(C)(2)(a) provides, in pertinent part:

> At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection, or by the court clerk upon a defendant of any class referred to in division (1), (3), or (5) of subparagraph c of paragraph 1 of this subsection.

Plaintiff is proceeding *pro se*, therefore, he lacks an attorney authorized to serve a summons and Complaint via mail. Consequently, in order for service to be valid, Plaintiff is required to utilize a "person authorized to serve process pursuant to subparagraph (a) of paragraph 1" of 12 O.S. § 2004(C). The referenced subsection authorizes the following persons to serve process: a sheriff or deputy sheriff, a person licensed to make service of process in civil cases, or a person specially appointed for that purpose. *Id.* Plaintiff, a party, mailed via Certified Mail the summonses and Complaint. *See e.g.* Ex. 3 . Consequently, unless Plaintiff was specially appointed by the Court, he is not permitted to serve process under the Federal Rules or Oklahoma law. The action should be dismissed.

**PROPOSITION II: PLAINTIFF HAS FAILED TO STATE A VALID CLAIM**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include enough factual content, accepted as true, to "state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Iqbal* also requires that Plaintiff plead that a government-official defendant violated the Constitution through his own individual action. *Id.* at 1948.

The Tenth Circuit holds that when evaluating a *pro se* complaint under the *Twombly* standard, "[r]ather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *quoting Twombly*, 550 U.S. at 555. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). In considering the sufficiency of the Complaint, the Court must "accept the allegations [contained therein] as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217; *quoting Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

### *The Complaint is deficient under Rule 8*

Plaintiff's Complaint fails to meet the requirements set forth in Fed. R. Civ. Pro. 8 and, therefore, must be dismissed. Rule 8(a) of the Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A district court may dismiss a complaint if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed .2d 929 (2007). The court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). A plaintiff must do more than simply state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), citing, *Butz v. Economou*, 438 U.S. 478, 495, 98 S. Ct. 2894 (1978), 57 L. Ed. 2d 895. "A plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim." *Id.* (citing, *Mountain View Pharmacy v. Abbot Laboratories*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)); see also *Spear v. Town of West Hartford*, 954 F.2d 63 (2nd Cir. 1992) (stating a § 1983 complaint must contain more than mere conclusory allegations; a factual basis for such allegations must be provided).

Plaintiff's Complaint is deficient under Fed.R.Civ.P. 8. The Complaint consists of statements and "maxims" of law. Plaintiff references the state court proceedings, including dates and descriptions of pleadings and conclusory statements such as "Defendant Kane unlawfully used court rules to ignore affiant's jurisdictional challenge" and "Defendant Greenough unlawfully presumed jurisdiction and orders Plaintiff obey a compulsory order". Other than Plaintiff's obvious disagreement with the rulings in the state court proceedings, there is no connection of any facts to the statements of law. While Plaintiff clearly believes Defendants Kane and Greenough erred by ruling against him on the jurisdictional challenges, he does not explain how these rulings entitle him to relief under Fed. R. Civ. P. 5, Fed. R. Civ. P. 62, the US Constitution, or the Oklahoma Constitution.[1] Defendants and the Court are left to speculate as to how the adverse

---

[1] Fed. R. Civ. P. 5.1 contemplates constitutional challenges to statutes. Plaintiff has not specified any statute for challenge, though he alleges in "Claim #7" that he sent notice "demanding" Defendant Drummond answer a "Rule 5.1 style challenge to show the constitutionality of an Oklahoma Statute [23 O.S. §9.1]…" Review of the Tulsa County case indicates 23 O.S. §9.1 is cited for the request for punitive damages against Mr. Jackson.
Fed. R. Civ. P. 62 allows a stay of federal judgments pending appeal. Plaintiff has not identified any federal judgment eligible for a stay of enforcement.

6

rulings in the state court proceedings entitle him to the relief he seeks. Therefore, Plaintiff's claims should be dismissed because the Complaint fails to comply with Rule 8.

***Plaintiff has not stated a claim against these Defendants under Sec. 1983***

To the extent Plaintiff is asserting claims under 42 U.S.C. 1983[2] the Complaint does not assert enough non-conclusory allegation to show that Plaintiff may be entitled to relief under any provision of the First Amendment. Personal participation is an essential element for §1983 claims against a public official. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). "Plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." (internal citation omitted). *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996).

Further, a defendant cannot be held liable under § 1983 merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). This is because § 1983 does not encompass claims for liability under the theory of *respondent superior*. *See West v. Atkins*, 487 U.S. 42, 54 n. 12, 108 S.Ct. 2250, 2258 n. 12 (1988); *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisor liability under § 1983 exists only when there is shown to be an affirmative link between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988).

---

[2] Plaintiff recites the First Amendment under the "Status, Standing, Jurisdiction" section of the Complaint

Plaintiff has not met his burden under *Jenkins* or *Mitchell* with respect to these State Defendants. There are no actual allegations that these State Defendants interacted with Plaintiff in any capacity outside their official duties. Plaintiff alleges that Defendants Kane and Greenough "ignored" his jurisdictional challenge. Plaintiff also alleges Defendant Drummond failed to answer a constitutional challenge demand. Plaintiff does not elaborate how the adverse rulings and failure to respond violated any part of his First Amendment rights. These minimal allegations do not rise to a cognizable claim under § 1983. This is neither enough to establish a constitutional violation nor an affirmative link between these State Defendants' actions and any such violation. Therefore, Plaintiff has failed to allege any facts, which might present an affirmative link between these defendants' actions and any constitutional violations alleged. Plaintiff's Complaint should be dismissed.

### *Judicial Immunity*

Plaintiff's only allegations as to Judge Greenough and Justice Kane are that they ruled against his jurisdictional challenges. These rulings, whether on the merits or based on procedural grounds, were clearly made in the course of judicial activities. While Plaintiff objects to the state court's jurisdiction over him based on the Petition filed in state court, there is no allegation that Defendants Kane or Greenough lacked jurisdiction to decide the issue. As a result, Defendants Judge Greenough and Justice Kane are entitled to absolute judicial immunity.

The United States Supreme Court has held that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). *See also, Wiggins v. New Mexico State Sup.Ct.Clerk*, 664 F.2d 812, 814-15 (10th Cir.1981); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002)(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Absolute immunity for members

of the judiciary has been deemed necessary to assure that those involved in the judicial process "can perform their respective functions without harassment or intimidation" by the parties to the dispute. *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894 (1978). Although significant, the loss of the right to seek private redress for unconstitutional conduct is countered in this instance by the nature of the judicial process. *Id.* Given the protections built into the judicial process, the risk of an unconstitutional act by a judicial officer "is clearly outweighed by the importance of preserving the independent judgment of such people." *Id.* at 514, 98 S.Ct. 2894.

For judicial immunity to apply, acts are simply required to be "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In order to qualify as such the act must be a function that a judge normally performs, and the party must have dealt with the judge in his official capacity. *Id.* at 362. Both of these elements are met in this case. Judicial immunity is overcome in only two circumstances: first, for actions not taken in the judge's judicial capacity; and second, judicial actions taken in the complete absence of all jurisdictions. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286 (1991). In terms of absolute judicial immunity, therefore, a judge must act in the absence of **all** jurisdictions, and this applies whether those claims are federal or state in nature. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286 (1991); *See also, Pierson v. Joplin*, 2016 OK 40, ¶ 17, quoting *N. Side State Bank*, 1994 OK 34, ¶ 12, n. 13, 894 P.2d at 1050-1051, n. 13.

Plaintiff alleges that Defendants Judge Greenough and Justice Kane ruled against him. He does not allege that Judge Greenough lacked jurisdiction to hear the civil case or that Justice Kane lacked jurisdiction over the appeal. Plaintiff has not alleged that the rulings were made outside the scope of judicial authority. Plaintiff simply believes the rulings are wrong. Plaintiff's jurisdictional challenges to the state court proceedings have not been "ignored" simply because

the rulings were adverse to his position. Judge Greenough and Justice Kane are entitled to judicial immunity from any Sec. 1983 claims.

## CONCLUSION

Defendants respectfully request that, under 12(b)5 and 12(b)(6) this Court dismiss Plaintiff's claims against them and for any and all such relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Stefanie Lawson
**STEFANIE E. LAWSON, OBA#22422**
ASSISTANT ATTORNEY GENERAL
OKLAHOMA ATTORNEY GENERAL'S OFFICE
LITIGATION DIVISION
313 NE 21st Street
Oklahoma City, Oklahoma 73105
T: (405) 521-2951 | F: (405) 521-4518
*Counsel for Defendants Judge Kelly Greenough*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of September 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Jarrin Jackson  
PO Box 714  
Owasso, OK 74055  
*Plaintiff pro se*

                                                       /s/ Stefanie Lawson  
                                                     Stefanie E. Lawson